UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X
BUILDING SERVICE 32BJ PENSION FUND,

                              Plaintiff,

        v.                                                                      COMPLAINT

1180 AOA MEMBER LLC, and ABC COMPANIES 1 – 10 (all
other trades or businesses under common control with
1180 AOA MEMBER LLC,

                              Defendants,
---------------------------------------------------------------------------X

Plaintiff, Building Service 32BJ Pension Fund ("Fund"), by its attorneys Raab, Sturm, & Ganchrow, LLP, as and for its Complaint against 1180 AOA Member LLC ("Defendant 1180") and ABC COMPANIES 1-10 (all other trades or businesses under common control with Defendant 1180 AOA Member LLC (together "Defendants" and each a "Defendant") alleges as follows:

## NATURE OF ACTION

1.     This is an action commenced by the Fund to recover unpaid withdrawal liability, liquidated damages, interest, attorneys' fees, and costs within the meaning of Title VII of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), Section 4001 et seq., 29 U.S.C. §1301 et seq.

## JURISDICTION

2.     Jurisdiction of this Court is invoked under the following statutes:

        (a)    Section 502(e)(1) and (f) of ERISA (29 U.S.C. § 1132(e)(1) and (f);

        (b)    Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185);

        (c)    28 U.S.C. Section 1331 (federal question); and

        (d)    28 U.S.C. Section 1337 (civil actions arising under an Act of Congress regulating commerce).

## VENUE

3. Venue properly lies in this district under Section 502(e)(2) of ERISA (29 U.S.C. §1132 (e)(2)). Service of process may be made on Defendants in any other district in which it or they may be found, pursuant to Section 502(e)(2) of ERISA (29 U.S.C. §1132 (e)(2).

## PARTIES

4. The Fund is a jointly-administered, multi-employer, labor-management trust fund established and maintained pursuant to various collective bargaining agreements in accordance with Section 302(c)(5) of the Taft-Hartley Act (29 U.S.C. § 186(c)(5)). The Fund is an employee benefit plan within the meaning of Sections 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. § 1002(2),(3), and 1132(d)(1)), and multi-employer plan within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. §§ 1002(37) and 1145). The Fund is authorized to maintain suit as independent legal entity under Section 502(d)(1) of ERISA (29 U.S.C. § 1132(d)(1)). The purpose of the Fund is to receive contributions from employers who are parties to collective bargaining agreements with Service Employees International Union, Local 32BJ ("Union"), to invest and maintain those monies, and to provide pension benefits to those employees eligible to receive them. The Fund maintains its offices and is administered at 25 West 18th Street, New York, New York, in the City, County, and State of New York.

5. The Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185) which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. § 142) and Section 3(4) of ERISA

(29 U.S.C. § 1002(4)).  The Union maintains its offices and is administered at 25 West 18th Street, New York, New York, in the City, County, and State of New York.

6. A. Upon information and belief, at all times material hereto, Defendant 1180 was, and continues to be, a New York limited liability company, whose last known addresses are: 1180 Avenue of the Americas, 2nd Floor, County and State of New York, 10036, and c/o HNA Group North America, LLC, 1180 Avenue of the Americas, 18th Floor, County, City and State of New York, which did, and continues to do, business as an employer within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. §§ 1002(5) and 1145), and was, and is, an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185).  Further, upon information and belief, Defendant 1180 was party to a collective bargaining agreement (hereinafter the "Agreement") with the Union wherein, *inter alia*, Defendant 1180 became obligated to pay and/or submit the required monetary contributions and/or reports to the Fund, for Defendant 1180's employees within the unit set forth in the Agreement with Union.

6. B. Upon information and belief, ABC Companies 1-10 (all other trades or businesses under common control with Defendant 1180, and are each a "trade or business under common control" with each other pursuant to Section 4001 (b)(1) of ERISA, 29 U.S.C. §1301(b)(1), Section 414(c) of the IRC as amended, and regulations promulgated thereunder ( the "Control Group").

## FACTUAL BACKGROUND

### Defendant 1180's Complete Withdrawal From the Plan

7. Until on or about February 15, 2018, Defendant 1180  was obligated to contribute to the Plan for each of its participating employees, who were employed at a building located at

1180 Avenue of the Americas (6th Avenue), in New York City, pursuant to a series of collective bargaining agreements between Defendant 1180 and the Union.

8. On or about February 15, 2018, Defendant 1180 permanently ceased to have an obligation to contribute to the Plan. The permanent cessation of the obligation to contribute constituted a complete withdrawal from the Fund as defined by Section 4203(a)(1) of ERISA, 29 U.S.C. §1383(a)(1).

## Defendant 1180's Failure to Pay the Withdrawal Liability

9. By completely withdrawing from the Plan, Defendant 1180 incurred withdrawal liability to the Fund pursuant to Section 4201 of ERISA, 29 U.S.C. §1381.

10. By letter dated June 12, 2018, the Fund notified Defendant 1180, of Defendant 1180's complete withdrawal from the Plan, and that it owed the Fund withdrawal liability in the amount of $287,404.00, which could be paid in a lump sum or in fifty-eight monthly installments of $5,673.77, beginning no later than August 12, 2018, with a final installment of $1,982.08. The letter further advised that Defendant 1180 had the right to arbitral review of the Fund's determination of the withdrawal liability.

11. Defendant 1180 failed to pay the withdrawal liability installment payments as and when same came due and despite notice of default, dated September 21, 2018, Defendant 1180 had not timely cured the default.

12. Defendant 1180 failed to timely request arbitration of the Fund's determinations.

13. Pursuant to Section 4219(c)(5) of ERISA, 29 U.S.C. §1399(c)(5), and in accordance with the Fund's rules, upon the default, the Fund accelerated Defendant 1180's withdrawal liability payment due to Defendant 1180's default.

14. To date, the Fund has not received any payment of the withdrawal liability amount from Defendant 1180; nor has the Fund received any payment from any other member of the Defendant 1180's Control Group.

### Defendant 1180's Failure to Provide Information to The Fund

15. On June 12, 2018 Defendant 1180 was served, and again on September 21, 2018 Defendant 1180 was served, with a Request for Information pursuant to Section 4219 of ERISA, 29 U.S.C. §1399(a).

16. To date, Defendant 1180 has not provided any responses.

### COUNT ONE

17. The Fund repeats and realleges each and every allegation in the paragraphs 1 through 16 set forth above as if fully set forth herein.

18. The Fund is entitled to full payment of Defendant 1180's outstanding withdrawal liability in the amount of $287,404.00, pursuant to Section 4301 of ERISA, 29 U.S.C. §1451 and the Plan.

19. The Fund is entitled to collect of Defendant 1180, pre-judgment interest at the rate of 9% per annum, pursuant to the Fund's collection policy, on the outstanding withdrawal liability calculated from the acceleration date pursuant to Section 4219 of ERISA, 29 U.S.C. §1399(c)(6) and the Plan.

20. The Fund is entitled to collect of Defendant 1180 liquidated damages in the amount of 20% of the outstanding balance of the withdrawal liability, plus attorneys' fees and costs, pursuant to Sections 29 U.S.C. 1451 (b) and 29 U.S.C. §1132(g)(2) and the Plan.

### COUNT TWO

21. The Fund repeats and realleges each and every allegation in the paragraphs 1 through 20 set forth above as if fully set forth herein.

22. Pursuant to Section 4219 of ERISA, 29 U.S.C. §1399(a), the Fund is entitled to full and complete responses from Defendant 1180 to the Fund's Requests for Information concerning the entities under "common control" with Defendant 1180.

## COUNT THREE

23. The Fund repeats and realleges each and every allegation in the paragraphs 1 through 22 set forth above as if fully set forth herein.

24. Defendant 1180, and ABC Companies 1-10 (all other trades or businesses under common control with Defendant 1180) are each a "trade or business under common control" with each other pursuant to Section 4001 (b)(1) of ERISA, 29 U.S.C. §1301(b)(1), Section 414(c) of the IRC as amended, and regulations promulgated thereunder ( the "Control Group").

25. Defendant 1180 and ABC Companies 1-10 (all other trades or businesses under common control with Defendant 1180), are jointly and severally liable with Defendant 1180, for the withdrawal liability of $287,404.00, plus statutory interest, liquidated damages, attorney's fees and court costs.

## REQUEST FOR RELIEF

WHEREFORE, the Fund respectfully requests the following judgment in favor of the Fund and against Defendants:

1. That Defendants, jointly and severally, be held liable for the outstanding withdrawal liability in the amount of $287,404.00.

2. That Defendants, jointly and severally, be held liable for the full amount of the prejudgment interest attributable to the withdrawal liability;

3. That Defendants, jointly and severally, be held liable for the liquidated damages attributable to the withdrawal liability computed at the rate of 20% of the outstanding withdrawal liability.

4. That Defendants, jointly and severally, be held liable for the Fund's costs and expenses incurred in connection with this action, including its reasonable attorneys' fees;

5. That Defendant 1180, be compelled to provide the Fund with full and complete responses to the Fund's request for information concerning commonly controlled businesses and upon presentation of such information, to have each commonly controlled business held jointly and severally liable for the relief herein awarded against Defendant 1180.

6. That the Fund shall have such other and further relief as the Court shall deem just and proper.

    Dated: Fort Lee, New Jersey
    December 26, 2018

    Raab, Sturm & Ganchrow, LLP

    _____
    By: Ira A. Sturm
    Attorneys for Plaintiff
    2125 Center Avenue, Suite 100
    Fort Lee, New Jersey, 07024
    201-292-0150
    isturm@rsgllp.com